**Vardegs GYULAMJYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72457.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

Law Office of Alexander Markman, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, La-guna Niguel, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, McKEOWN and PAEZ, Circuit Judges.

MEMORANDUM **

Vardegs Gyulamjyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of the immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review and remand.

Substantial evidence does not support the IJ's adverse credibility determination, because it was based on a finding that an incident in 2002 that Gyulamjyan described was not mentioned in the official documentary evidence. *See Chand v. INS,* 222 F.3d 1066, 1077 (9th Cir.2000) ("we will not infer that a petitioner's otherwise credible testimony is not believable merely because the events he relates are not described in a State Department document"). Because the IJ had no valid reason to question Gyulamjyan's credibility, the IJ erred by requiring him to provide corroborating official documentary evidence of the incident he described. *See Salaam v. INS,* 229 F.3d 1234, 1239 (9th Cir.2000).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Petitioner's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Accordingly, we grant the petition for review and remand for the BIA to consider whether, accepting Gyulamjyan's testimony as true, he has shown eligibility for asylum, withholding of removal and protection under CAT. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**GRANTED and REMANDED.**